UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA IBRAHIM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00065- JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 28) |

Jacqueline Forslund, attorney for Plaintiff Linda Ibrahim, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 28) Plaintiff did not oppose the motion. Defendant filed a provided an analysis of the request for the Court, noting "the Commissioner has a role 'resembling that of a trustee' for Plaintiff. (Doc. 30 at 2-3, quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002). For the following reasons, the motion for attorney fees is **GRANTED**.

**I.     Relevant Background**

Plaintiff and entered into a contingent fee agreement with Dellert Baird Law Offices, PLLC which provided that Plaintiff would pay twenty-five percent of any awarded past due benefits. (Doc. 28-1) On January 14, 2013, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1) The Court determined the administrative law judge erred in the evaluation of the medical evidence. (Doc. 24 at 11-15) Therefore, the Court remanded

the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (*Id.* at 16)  Following the entry of judgment in favor of Plaintiff (Doc. 25), the Court awarded $6,578.90 in attorney fees pursuant to the Equal Access to Justice Act.  (Doc. 27)

Upon remand, an administrative law judge issued a favorable decision, concluding Plaintiff was disabled beginning March 31, 2011.  (Doc. 29)  On May 16, 2015, the Commissioner issued a notice to Plaintiff, indicating the retroactive benefits amounted to $72,476.90.  (*Id.* at 3)

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).  A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits.  *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits.  Dellert Baird Law Offices accepted the risk of loss in the representation and expended a total of 43.6 hours while representing Plaintiff in this

matter.  (Doc. 28 at 4; Doc. 28-2)  As a result of counsel's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits for disability.  For this, Dellert Baird Law Offices requests a fee of $17,875.90.  (Doc. 21 at 5; Doc. 31 at 2)  Because $6,578.90 was paid under the EAJA, the net cost to Plaintiff is $11,297.00.  (*Id.* at 5) This amount does not exceed twenty-five percent of the retroactive benefits.

Finally, although served with the motion (Doc. 28 at 6), Plaintiff did not file an opposition, and thereby indicates her belief that the fee request is reasonable.

**IV.     Conclusion and Order**

The fees sought by Dellert Baird Law Offices are reasonable in light of the number of hours expended in this action, and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b).  In addition, there is no indication Counsel performed in a substandard manner or engaged in severe dilatory conduct in the course of their representation to the extent that a reduction in fees is warranted.  To the contrary, Plaintiff was able to secure an award of benefits following the Court's remand.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $17,875.90 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Dellert Baird Law Offices; and
3. Counsel **SHALL** refund $6,578.90 to Plaintiff Linda Ibrahim.

IT IS SO ORDERED.

Dated:   **July 24, 2015**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE